UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LUIS ANTONIO MELGAR RODRIGUEZ,

Petitioner,

v.

WARDEN, Imperial Regional Detention Center, et al.,

Respondents.

Case No.: 26-CV-4775 JLS (BJW)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Luis Antonio Melgar Rodriguez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court are Respondents' Response to Petition ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5). For the following reasons, the Court **GRANTS** the Petition.

**BACKGROUND**

Petitioner, a citizen of Honduras, entered the United States without inspection in 2021. Pet. at 5. On August 14, 2026, Petitioner was arrested—without a warrant—while on his way to work. *Id.* Petitioner was served with an arrest warrant exactly one week later. Ret. at 2, Ex. 1. Petitioner then filed the present Petition, arguing that his warrantless arrest was unlawful and requests release, or in the alternative, a bond hearing. *See generally id.*

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Both parties agree that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See generally* Pet.; Ret. However, the Parties disagree as to whether a bond hearing or release is warranted in this case. *See id.* Petitioner argues that release is required because his arrest violated 8 U.S.C. § 1357 and the Fifth Amendment's Due Process Clause. Pet. at 17–18. Although a warrant was served on Petitioner one week after his arrest, Petitioner contends that a bond hearing cannot remedy an arrest that was unlawful at the time it occurred. *Id.* at 14. Respondents do not oppose a bond hearing but seemingly oppose release. Ret. at 2.

The Court finds that release is the appropriate remedy in this case. Section 1226(a) states that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1357(a)(2) provides for warrantless arrests, but only when an officer "has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). And "when arrests are made without a

warrant, a custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued post hoc." *Lopez-Perez v. Johnson*, No. 1:26-CV-03083 JLT SAB (HC), 2026 WL 1506818, at *2 (E.D. Cal. May 29, 2026) (quoting *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026)).

On July 30, 2026, Ninth Circuit held that noncitizens who are apprehended in the interior of the United States are subject to detention under § 1226(a) rather than § 1225(b)(2). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). This case overturned Board of Immigration Appeal ("BIA") precedent establishing that interior apprehensions are governed by § 1225(b)(2). *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

For arrests that occurred ***before*** *Rodriguez Vazquez*, many courts in this district have held that the government's forty-eight-hour warrant clock begins after a court orders a custody determination. Thus, warrantless arrests that failed to comply with Section 1357(a)(2)'s exception were valid as long as the government provided the arrestee with a custody determination within forty-eight hours of the court's order. *See, e.g.*, *Rodriguez Pinzon v. Blanche*, No. 3:26-CV-04374-RBM-AHG, 2026 WL 2547063 (S.D. Cal. Aug. 27, 2026); *Portillo Valdiviezo v. Mullin*, No. 26-CV-4371 JLS (DEB), 2026 WL 2620977 (S.D. Cal. Sept. 4, 2026). These courts have reasoned that the government arrests individuals on the premise that they are subject to mandatory detention under § 1225(b)(2). *Id.* Thus, to retroactively apply the Ninth Circuit's § 1226(a) determination "would place Respondents in the untenable position in future cases presenting similar circumstances, in which Respondents must decide whether to deliberately violate controlling agency precedent in anticipation of a possible objection a detainee may or may not raise in a future habeas petition not yet before this Court, and then further guess how this Court might rule." *Id.* (quoting *Garcia De Melo*, 2026 WL 925672, at *5). Based on this analysis, these courts have held that a bond hearing, not release, is the proper remedy in these situations. *Id.*

But here, Petitioner's arrest occurred two weeks ***after*** *Rodriguez Vazquez* came down, providing the government with ample notice that a warrant was required. Pet. at 5. Further, Respondents fail to show that the arrest satisfies Section 1357(a)(2)'s warrant exception. Nothing in Respondents' Response demonstrates that Petitioner was likely to escape before a warrant could be obtained. *See generally* Ret. As the legs of the government's argument have been kicked out from under it, the government can no longer claim that it was relying on binding BIA precedent when making a warrantless arrest. Indeed, courts in one of our sister circuits have held the same. Earlier this year, the Second Circuit also held that interior apprehensions are governed by § 1226(a) rather than § 1225(b)(2). *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). At least one district court has held that a warrantless arrest post-*Barbosa da Cunha* violates due process and requires release. *See Vansh Last Name Unknown v. Ball*, 26-CV-1249-LJV, 2026 WL 2096666 (W.D. N.Y. July 21, 2026). Because "a post hoc warrant does not permit detention that arose from an unlawful warrantless arrest," release is required here. *Quezada-Estrada v. Lyons*, No. 26-CV-1599-NYW, 2026 WL 1361880, at *5 (D. Colo. May 15, 2026).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to immediately release Petitioner from custody. The Court **ORDERS**, prior to any re-detention of Petitioner, that the government obtain a warrant under 8 U.S.C. § 1226(a) authorizing Petitioner's arrest or comply with the warrant exception under 8 U.S.C. § 1357(a)(2). The Parties are **ORDERED** to file a Joint Status Report by September 16, 2026, confirming that Petitioner has been released. As this concludes the litigation in this case, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 9, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge